DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

AT JUNE TERM, 1858.

---

WELLINGTON CLAPP et al. *vs.* HENRY G. ELY et al.

1. A law which provides that no judgment of the Supreme Court shall be reversed by this court, unless a majority of those members of the court who are competent to sit on the hearing and decision of the case shall concur in such reversal, is unconstitutional.

2. But even if such law were constitutional, if a majority of the judges who are competent to sit in the cause, when it is decided, concur in reversal, the judgment should be reversed.

---

At this term the counsel for the respective parties discussed the construction and validity of the act of 1855, referred to in the rule entered at March Term.

*F. T. Frelinghuysen* and *C. Parker,* for plaintiffs in error.

*Runyon* and *Bradley,* for defendants.

After argument of counsel, the court decided the questions presented by the discussion, as follows:

Clapp v. Ely.

*First.* Is the law of 1855, which declares that no judgment of the Supreme Court shall be reversed by this court, unless a majority of those members of the court who are competent to sit on the hearing and decision of the case shall concur in such reversal, unconstitutional?

*Affirmative*—The CHANCELLOR, the CHIEF JUSTICE, and Judges POTTS, VREDENBURGH, RISLEY, VALENTINE, and WOOD.

*Negative*—Judges OGDEN, ELMER, HAINES, RYERSON, CORNELISON, and SWAIN.

*Second.* If the law was constitutional, was there a majority of the members of the court competent to hear and decide the case, voting for reversal?

*Affirmative*—Judges OGDEN, ELMER, POTTS, HAINES, RYERSON, VREDENBURGH, CORNELISON, RISLEY, SWAIN, and WOOD.

*Negative*—The CHANCELLOR.

On motion of the counsel for the plaintiffs in error, the following order was entered in the minutes:

Inasmuch as, upon the final decision of this cause, five judges of this court voted for affirmance, four of them for a reversal of the order of the Supreme Court in all things, and that the said judgment and execution of said Ely, Clapp and Bowen be declared invalid and postponed wholly to the judgments and executions of the plaintiffs in error; and two judges of this court voted for an affirmance of said order in part, and in part for a reversal thereof, and that said judgment and execution of Ely, Clapp and Bowen be declared valid, and entitled to its priority for the sum of three thousand and fifty-two dollars and ninety-four cents, being the amount of indebtedness ac-

tually due to them at the time of confessing judgment to them by Benjamin Parkhurst, and as to the remaining amount thereon, that it be declared invalid as against the plaintiff in error—it is thereupon adjudged and considered by the court that the order of the Supreme Court be affirmed, so far as relates to said sum of three thousand and fifty-two dollars and ninety-four cents, and as to the residue of the moneys raised by the sheriff on the executions of the several parties in this cause, the said order be reversed, and the said judgment and execution of said Ely, Clapp and Bowen be declared invalid, and set aside as against the said plaintiffs in error. And it is further ordered that each party pay their own costs throughout the proceedings, and that the record be remitted, &c.

SEE *same case* 3 *Dutch.* 622. *Cited in Bell* v. *Flemming's Ex.,* 1 *Beas.* 495.